JiPETERS, Judge.
This court issued a rule to show cause why the above captioned appeal should not be dismissed as being untimely. We hereby dismiss.
This is a worker’s compensation suit. On April 21, 1995, the Office of Worker’s Compensation dismissed the claim of the plaintiff, Patricia Chevis, against the defendant, Aca-diana Legal Service Corporation, with prejudice. Notice of signing of the judgment was mailed April 24,1995. On April 26,1995, the plaintiff filed a notice of intention to apply to the court of appeal for writ of review from the April 21, 1995 ruling. After several extensions of time in which to file the writ application with the Third Circuit Court of Appeal, this court on August 1, 1995, denied relator’s writ application, finding that the relator had an adequate remedy by appeal. On August 14, 1995, plaintiff filed a petition and order for appeal from the April 21, 1995 ruling. The record was lodged with this court on September 15, 1995. On |2September 22, 1995, this court issued a rule to show cause why the above captioned appeal should not be dismissed as untimely, citing La.Code Civ.P. art. 2087.
La.Code Civ.P. art. 2087 states as follows:
Art. 2087. Delay for taking devolutive appeal
A.Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1)The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
B. When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in Paragraph A of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the ease, whichever is later.
C. When one or more parties file post-judgment motions, the delay periods specified herein shall commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court.
In the present case, judgment was rendered April 21, 1995. Notice of Judgment was mailed on April 24, 1995. The petition and order for appeal was filed on August 14, 1995. In the response to the rule to show cause, appellant argues that the writ application filed with this court interrupted the time delays under La.Code Civ.P. art. 2087. We find no merit to this argument.
The filing of a writ application does not interrupt the time delays pursuant to La. Code Civ.P. art. 2087. A notice of intention to apply to a court of appeal for a writ of review is not the equivalent or a substitute for a motion and order for appeal. Therefore the appeal in the present case was filed subsequent to the time delays pursuant to La.Code Civ.P. art. 2087 and the appeal is untimely. For these reasons, the appeal is dismissed at appellant’s cost.

APPEAL DISMISSED.