# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 11-945

**TERRY W. JONES**

**VERSUS**

**WILLIAM "BILL" BELT**

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES NO. 2007-0329-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Billy H. Ezell, Judges.

**APPEAL DISMISSED.**

Terry Jones –DOC #309459
Riverbend Detention Center Phase 2
9450 Highway 65 South
Lake Providence, LA   71254
PLAINTIFF/APPELLANT
　　　In Proper Person

Rodney M. Rabalais
Attorney at Law
Post Office Box 447
Marksville, LA   71351
(318) 253-4622
COUNSEL FOR DEFENDANTS/APPELLEES:
　　　William O. "Bill" Belt, Sheriff of Avoyelles Parish
　　　Brad Ducote
　　　Timothy Ducote
　　　Ronnie Hegger
　　　Susie Fontenot

**Randall B. Keiser**
**D. Heath Trahan**
**Keiser Law Firm, P.L.C.**
**Post Office Box 12358**
**Alexandria, LA   71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Leon Johnson**
    **Jimmy Sampson**

AMY, Judge.

This court issued, *sua sponte*, a rule ordering the pro se Plaintiff-Appellant, Terry W. Jones, to show cause, by brief only, why the appeal in this case should not be dismissed as untimely with regard to judgments rendered by the trial court on December 14, 2010, and why the appeal should not be dismissed as premature with regard to a ruling purportedly made by the trial court on March 18, 2011. On August 15, 2011, this court received Plaintiff's response to the rule. For the reasons assigned, we hereby dismiss the appeal.

On March 21, 2007, pro se Plaintiff, who is currently incarcerated in Riverbend Detention Center, filed a tort action alleging that, while he was participating in an inmate work program run by the Avoyelles Parish Sherriff's Department, a fellow inmate stabbed him in the hand with a screw driver. Plaintiff named the sheriff of Avoyelles Parish and several prison officials as defendants.

In December, 2010, Defendants, Leon Johnson and Jimmy Sampson, who had never been served with Plaintiff's lawsuit, filed a motion seeking to have Plaintiff's claims against them dismissed on the ground of abandonment pursuant to La.Code Civ.P. art. 561. On December 14, 2010, the trial court signed a judgment dismissing Plaintiff's claims against Leon Johnson and Jimmy Sampson. On that same day, the trial court also signed a judgment wherein it ordered that Plaintiff's claims against Defendants Susan (unknown last name) and Jimmie (unknown last name), be dismissed. The notice of judgment for both of those judgments was mailed on December 14, 2010. On March 24, 2011, Plaintiff filed a motion for appeal wherein he indicated that he wanted to appeal the two judgments rendered on December 14, 2010, as well as the ruling allegedly

1

rendered by the trial court on March 18, 2011. The order of appeal was signed on June 3, 2011, and the appeal record was lodged in this court on August 1, 2011. As stated above, upon the lodging of the record in this appeal, this court issued a rule for Plaintiff to show cause why the appeal should not be dismissed for having been taken prematurely from the purported judgment of March 18, 2011, and for having been untimely taken from the two judgments of December 14, 2010.

With regard to the timeliness issue, we note that La.Code Civ.P. art. 1974 provides that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913." In situations wherein no application for new trial is filed, La.Code Civ.P. art. 2087(A)(1) provides that a devolutive appeal may be taken within sixty days after the expiration of the delay for applying for a new trial, and La.Code Civ.P. art. 2123(A)(1) provides that a suspensive appeal may be taken within thirty days of the expiration of the delay for applying for a new trial.

In the case at bar, the judgments at issue were signed and the notice of judgment was mailed on December 14, 2010. Although Plaintiff had until December 23, 2010, to apply for a new trial, no application for new trial was filed. As such, the delay for filing a motion and order for a devolutive appeal expired on February 21, 2011. However, the record reflects that the motion and order for appeal were not filed into the trial court's record until March 24, 2011. As such, we find that Plaintiff's appeal of the two judgments rendered by the trial court on December 14, 2010 is untimely.

2

In his response to this court's rule to show cause order, Plaintiff appears to argue that the appeal should not be dismissed as untimely because on December 18, 2010, four days after the notice of judgment was mailed, Plaintiff filed a notice of intent to seek writs from the judgments at issue. To the extent that Plaintiff seeks to argue that the filing of the notice of intent to seek writs served to interrupt the appeal delays, we find that Plaintiff's argument lacks merit. In that regard, we note that this court has stated that "[t]he filing of a writ application does not interrupt the time delays pursuant to La.Code Civ.P. art. 2087. A notice of intention to apply to a court of appeal for a writ of review is not the equivalent or a substitute for a motion and order for appeal." *Chevis v. Acadiana Legal Serv., Corp.,* 95-1247, p. 2 (La.App. 3 Cir. 1/10/96), 670 So.2d 231, 232. In the instant case, since the notice of intent filed by Plaintiff did not interrupt the delays for seeking an appeal and because Plaintiff did not file an appeal of the two judgments of December 14, 2010, within the appeal delay set forth in La.Code Civ.P. art. 2087, we find that Plaintiff's appeal from those two judgments should be dismissed as untimely.

With regard to Plaintiff's attempt to seek an appeal from a judgment purportedly rendered by the trial court on March 18, 2011, we note that the appeal record does not contain a judgment rendered by the trial court on March 18, 2011. In his response to this court's rule to show cause order, Plaintiff appears to acknowledge that there was no actual judgment rendered on March 18, 2011, since he states that all judgments at issue in the appeal were rendered by the trial court on December 14, 2010. As such, we find that there is no March 18, 2011 judgment at issue in this appeal.

3

Since we find that the only judgments at issue in this appeal are the two judgments which the trial court rendered on December 14, 2010, and since Plaintiff's appeal of these judgments was filed untimely, we hereby dismiss the appeal at Plaintiff's cost.

**APPEAL DISMISSED.**